# EXHIBIT A

Filed        23-CI-01230    08/21/2023        Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM

CASE NO.                                                    HARDIN CIRCUIT COURT
                                                            90450-60
                                                            JUDGE _____


SARRAN N. GARRETT                                                         PLAINTIFF
120 Monroe St.
Radcliff, Kentucky 40160


v.


REPUBLIC FINANCE, LLC                                                    DEFENDANTS
1925 Blankenbaker Parkway
Louisville, Kentucky 40243


        AND


ADVANCED COLLECTION BUREAU, INC.
1535 Cogswell St.
Rockledge, Florida 32955


        AND


SANTANDER CONSUMER USA, INC.
1601 Elm Street, Ste. 800
Dallas, Texas 75201


        AND


VINELAND CARRIAGE HOMES
100 Sparkling Court
Vine Grove, Kentucky 40175

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000001 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL

08/23/2023 10:55:00

90450-60

DOCUMENT

AM

AND

HUNTER WARFIELD, INC
c/o Ray Sherbill
7600 Wisconsin Avenue, #700
Bethesda, Maryland 20814


AND


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309


AND


TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661


** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Sarran D. Garrett, and for her Verified Complaint against the Defendants, Republic Finance, LLC ("Republic"), and Advanced Collection Bureau, Inc. ("ACB"), Santander Consumer USA, Inc. ("Santander"), Vineland Carriage Homes ("VCH"), Hunter Warfield, Inc. ("HW"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for Republic's violations of Kentucky's Consumer Protection Act ("KCPA"), KRS 367.010 *et seq*.; for Republic's violations of Kentucky's consumer loan company statutes, KRS 286.4-410 *et seq*. and for declaratory relief against Republic pursuant to KRS 418.040; for Republic's violations of KRS 304.12-010 which, among other things, prohibits unfair

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000002 of 000017

Filed                    23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

or deceptive acts or practices in the business of insurance; for ACB's violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692k et seq. ("FDCPA"); for Santander's, Equifax's, and

Trans Union's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.; for VCH's

violation of the notice provisions of KRS 383.660 in connection with Plaintiff's eviction; and for

HW's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k et seq. ("FDCPA")

## II. PARTIES

2.      Plaintiff, Sarran D. Garrett, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 120 Monroe Street, Radcliff, Kentucky 40160.

3.      Plaintiff is a "consumer" as that term is defined by the FDCPA and a "person" as

defined by the FCRA.

4.      Defendant, Republic, is a Kentucky limited liability company doing business in the

Commonwealth of Kentucky with its principal place of business located at 1925 Blankenbaker

Parkway, Louisville, Kentucky 40243.

5.      Republic is a "person" as that term is defined by the KCPA.

6.      Republic is also a "consumer loan company" as that term is defined by KRS 286.4-

410(1)(b) and is licensed as a consumer loan company with the Kentucky Department of Financial

Institutions.  As such, Republic is in the business of offering high-cost loans to consumers

throughout the Commonwealth and is regulated by Kentucky's consumer loan statutes.

7.      Defendant, ACB, is a Kentucky licensed insurance provider with its principal place

of business located at 105 Public Square, Scottsville, Kentucky 42164.

8.      ACB does business in the Commonwealth of Kentucky and its principal place of

business located at 1535 Cogswell Street, Rockledge, Florida 32955.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000003 of 000017

Filed          23-CI-01230     08/21/2023        Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

9.     ACB is engaged in the collection of debts from consumers using the mail and telephone. ACB regularly attempts to collect consumer debts alleged to be due to another and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.     Defendant, Santander, is a Texas corporation doing business in the Commonwealth of Kentucky with its principal place of business at 1601 Elm Street, Ste. 800, Dallas, Texas 75201.

11.     Santander is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

12.     HW does business in the Commonwealth of Kentucky and its principal place of business located at 7600 Wisconsin Avenue, #700, Bethesda, Maryland 20814.

13.     HW is engaged in the collection of debts from consumers using the mail and telephone. HW regularly attempts to collect consumer debts alleged to be due to another and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

15.     Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

17.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

18.     Trans Union is a "consumer reporting agency that compiles and maintains files on

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000004 of 000017

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

19.     Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

20.     This Court has jurisdiction over this action because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants doing business in Hardin County, Kentucky, and because the amount in controversy exceeds the jurisdictional threshold of this Court.

### IV. FACTUAL BACKGROUND

#### Republic

10.     On January 23, 2018, Plaintiff obtained a personal loan from Republic. ("Republic Loan No. 1"). A true and accurate copy of the note creating Republic Loan No. 1 is attached as **Exhibit A**.

11.     Plaintiff used the proceeds of Republic Loan No. 1 exclusively for personal, family, and/or household purposes.

12.     The making of Republic Loan No. 1 constitutes trade or commerce within the meaning of the KCPA and KRS 286.4-010 *et seq.*

13.     Plaintiff financed a total amount of $3,600.00 under Republic Loan No. 1 and the loan was for a term of ten (24) months.

14.     In addition to the principal amount, Plaintiff financed premium for a single-credit-life insurance policy under Republic Loan No. 1. The premium charged for the single-credit life insurance policy was $47.32.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000005 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

15.    On July 26, 2018, Plaintiff obtained an additional personal loan from Republic ("Republic Loan No. 2").   A true and accurate copy of the note creating Republic Loan No. 2 is attached as **Exhibit B**.

16.    Plaintiff used the proceeds of Republic Loan No. 2 exclusively for personal, family, and/or household purposes.

17.    The making of Republic Loan No. 2 constitutes trade or commerce within the meaning of the KCPA and KRS 286.4-010 *et seq.*

18.    Plaintiff financed a total amount $5,940.00 under Republic Loan No. 2 and the loan was for a term of 36 months.

19.    In addition to the principal amount, Plaintiff financed premium for a single credit life insurance policy under Republic Loan No. 2.  The premium charged for the single credit life insurance policy was $116.87.

20.    On September 3, 2021, Plaintiff obtained an additional personal loan from Republic ("Republic Loan No. 3").   A true and accurate copy of the note creating Republic Loan No. 3 is attached as **Exhibit C**.

21.    Plaintiff used the proceeds of Republic Loan No. 3 exclusively for personal, family, and/or household purposes.

22.    The making of Republic Loan No. 3 constitutes trade or commerce within the meaning of the KCPA and KRS 286.4-010 *et seq.*

23.    Plaintiff financed a total amount $5,940.00 under Republic Loan No. 3 and the loan was for a term of 36 months.

24.    In addition to the principal amount, Plaintiff financed premium for a single credit life insurance policy and premium for a disability policy under Republic Loan No. 3. The premium

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000006 of 000017

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

charged for the single credit life insurance policy was $137.21.

25.      On June 28, 2022, Plaintiff obtained an additional personal loan from Republic ("Republic Loan No. 4").   A true and accurate copy of the note creating Republic Loan No. 4 is attached as **Exhibit D**.

26.      Plaintiff used the proceeds of Republic Loan No. 4 exclusively for personal, family, and/or household purposes.

27.      The making of Republic Loan No. 4 constitutes trade or commerce within the meaning of the KCPA and KRS 286.4-010 *et seq.*

28.      Plaintiff financed a total amount $7,020.00 under Republic Loan No. 4 and the loan was for a term of 36 months.

29.      In addition to the principal amount, Plaintiff financed premium for a single credit life insurance policy under Republic Loan No. 4. The premium charged for the single credit life insurance policy was $162.61.   In addition to credit life insurance, Plaintiff also purchased involuntary unemployment insurance ("IUI") in connection with Republic Loan No. 4.  Republic charged Plaintiff a premium of $477.35 for IUI.

30.      Consumer loan companies like Republic, which sell insurance in connection with consumer loans must comply with Kentucky's credit life and unemployment insurance statutes, including, but not limited to KRS 304.19-010; KRS 304.12-010; KRS 286.4-530; KRS 286.4-560; and KRS 304.19-080.

31.      KRS 304.19-080(3)(a) provides:

Credit-life insurance.   The premium rates set forth hereunder, or actuarially equivalent, shall not exceed:

   1. For decreasing term credit-life insurance, a single premium of sixty cents ($0.60) per annum per one hundred dollars ($100) of scheduled indebtedness, or sixty-five cents ($0.65) per annum per one hundred

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000007 of 000017

Filed 23-CI-01230 06/21/2023 Loretta Crady, Hardin Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

08/23/2023 10:55:00

dollars of scheduled indebtedness if dismemberment benefits are included in the policy;

90450-60

2. Single premium rates for indebtedness repayable in monthly installments other than twelve (12) in number shall not exceed one-twelfth (1/12) of the above premium rate multiplied by the number of full months in the scheduled period.

32. The maximum premium Republic could charge Plaintiff for purchase of credit life coverage in connection with Republic Loan No. 1 was $46.80. Republic overcharged Plaintiff for credit life insurance coverage for Republic Loan No. 1.

33. The maximum premium Republic could charge Plaintiff for purchase of credit life coverage in connection with Republic Loan No. 2 was $46.80. Republic overcharged Plaintiff for credit life insurance coverage for Republic Loan No. 2.

34. The maximum premium Republic could charge Plaintiff for purchase of credit life insurance coverage in connection with Republic Loan No. 3 was $115.83. Republic overcharged Plaintiff for credit life insurance coverage for Republic Loan No. 3.

35. The maximum premium Republic could charge Plaintiff for purchase of credit life insurance coverage in connection with Republic Loan No. 4 was $136.89. Republic overcharged Plaintiff for credit life insurance coverage for Republic Loan No. 4. In addition, Republic overcharged Plaintiff for IUI coverage in connection with Republic Loan No. 4.

36. Republic violated the KCPA and Kentucky's consumer loan company statutes by charging more for credit life and IUI coverage than permitted by law.

37. Pursuant to KRS 286.4-991(1) "[a]ny loan contract made in violation of this subtitle shall be void and the lender shall have no right collect any principal, charges or recompense whatsoever."

**ACB**

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000008 of 000017

Filed        23-CI-01230        08/21/2023        Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

38.     In February 2023, ACB, via the United States mail and telephone, repeatedly attempted to collect a debt from Plaintiff in connection with an account sold or otherwise transferred to ACB in connection with a rental agreement.

39.     Plaintiff does not now and has never owed the alleged debt to ACB, and, at the time ACB attempted collection, ACB knew, or should have known, that the alleged debt was invalid and uncollectible.

### HW

40.     In February 2023, HW, via the United States mail and telephone, repeatedly attempted to collect a debt from Plaintiff in connection with an account sold or otherwise transferred to HW from Defendant, VCH, in connection with a rental agreement.

41.     Plaintiff does not now and has never owed the alleged debt to HW, and, at the time HW attempted collection, HW knew, or should have known, that the alleged debt was invalid and uncollectible.

### VCH

42.     In January 2023, VCH, without adequate notice to Plaintiff and in violation of KRS 383.660, evicted Plaintiff from Plaintiff's leasehold at VCH. In addition, VCH charged Plaintiff illegal fees for (1) water filter replacement; (2) unauthorized animal fee charges; and (3) legal filing fees despite VCH's failure to file any proceeding against Plaintiff.

### Santander, Equifax, and Trans Union

43.     In March 2023, Plaintiff accessed his Equifax and Trans Union credit reports and discovered inaccurate tradelines furnished by Santander. Santander was reporting an incorrect balance due given Santander's failure to refund Plaintiff's GAP insurance. Plaintiff directly

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000009 of 000017

Filed          23-CI-01230      08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

disputed the accuracy of the tradeline to Santander and disputed the Santander tradeline to Equifax and Trans Union.

44.     In addition, Plaintiff discovered on his Equifax credit report a closed collection tradeline furnished by LVNV Funding, LLC inaccurately reporting as "open" and disputed the accuracy of the tradeline with Equifax.

45.     In May 2023, Plaintiff received her Equifax dispute results. Those results indicated that Santander and Equifax failed to correct the inaccurate Santander tradeline.  In addition, Equifax failed to correct the inaccurate reporting status of the LVNV tradeline.  Finally, the Equifax dispute results showed that Santander and Equifax failed to note Plaintiff's direct dispute of the Santander tradeline.

46.     As to Trans Union, Plaintiff, rather than receiving the results of her Trans Union disputes, received a letter from Trans Union notifying Plaintiff that, at least according to Trans Union, Plaintiff's April 2023 docu-signed dispute letter was somehow "suspicious," despite Plaintiff's adherence to Kentucky and federal law in preparing, signing, and forwarding her dispute to Trans Union. In its letter, Trans Union offered no factual basis for its belief that the dispute letter was "suspicious". Plaintiff never received the results of her April 2023 disputes to Trans Union.

47.     Equifax's, Trans Union's, and Santander's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to these Defendants' failure to investigate Plaintiff's disputes and these Defendants' false reporting.  In addition, Equifax's, Trans Union's, and Santanders' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000010 of 000017

Filed          23-CI-01230      08/21/2023          Loretta Crady, Hardin Circuit Clerk

Filed          23-CI-01230       08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM

### Violations of the KCPA and Kentucky's Consumer Loan Statutes - Republic

90450-60

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. The making of Republic Loans Nos. 1, 2, 3, and 4 constitute the conduct of trade and commerce within the meaning of the KCPA.

50. The foregoing acts and omissions of Republic violate the KCPA, KRS 286.4-560, and KRS 304.19-080.

51. Republic's overcharging Plaintiff for credit life and IUI coverage is an unfair, false, misleading, and deceptive act or practice in the conduct of trade or commerce in violation of the KCPA and in violation of KRS 286.4-560 and 304.19-080(3)(a).

52. Republic's violations of the KCPA entitle Plaintiff to compensatory, consequential, and punitive damages, and to an award of Plaintiff's attorney's fees. In addition, and pursuant to KRS 286.4-991(1), Republic's violations of the foregoing statutes voids Republic Loan Nos. 1, 2, 3, and 4 and entitles Plaintiff to a refund of all payments made to Republic in connection with the loans.

### Violation of the FDCPA - HW

53. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. HW violated the FDCPA. HW's violations of the FCDPA include, but are not limited to, violations of 15 U.S.C. §1692e(2)(A) and §1692f(1) which respectively prohibit a debt collector's false representation concerning the character, amount, or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000011 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

55.     As a result of the foregoing violations of the FDCPA, HW is liable to Plaintiff for declaratory judgment that HW's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

### Violation of the KRS 383.660 - VCH

56.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     VCH violated KRS 383.660 in connection with its eviction of Plaintiff by failing to provide Plaintiff with adequate notice of eviction and charging Plaintiff the illegal fees noted above.

58.     As a result of the foregoing violations of KRS 383.660, VCH is liable to Plaintiff for actual damages, statutory damages, punitive damages, and Plaintiff's costs and attorneys' fees.

### Santander

59.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Santander's failure to investigate Plaintiff's disputes and its initial and continuing false reporting of the Santander tradeline are violations of Santander's duties as a furnisher of credit information pursuant to the FCRA.

61.     Santander's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Santander is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

62.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000012 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

63.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

66.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.    Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000013 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

Filed 23-CI-01230 08/21/2023 Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Santander**

70.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.     Santander's initial and continuing false reporting to Equifax and Trans Union of the Santander tradeline, despite Santander's knowledge of the falsity of its reporting, are willful violations of Santander's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

72.     Given Santander's knowledge of the falsity of its reporting, Santander's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Santander is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act - Equifax**

73.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000014 of 000017

Filed            23-CI-01230      08/21/2023           Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.    Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Trans Union

77.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.    Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79.    Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000015 of 000017

Filed          23-CI-01230   08/21/2023        Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:00
AM
90450-60

80.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Sarran N. Garrett, respectfully demands the following:

1.      Judgment against Defendants for statutory, compensatory, consequential, and punitive damages;

2.      For attorneys' fees and costs;

3.      A declaration that Republic Loans Nos. 1, 2, 3, and 4 are void and unenforceable; and

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 443-1060
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000016 of 000017

DocuSign Envelope ID: 1BE336BF-3ED6-41EC-B2CB-568BC21C8313

Loretta Crady, Hardin Circuit Clerk

**NOT ORIGINAL**

DOCUMENT

08/23/2023 10:55:00

AM

## **VERIFICATION**

90450-60

I, Sarran N. Garrett, hereby state that I have read the foregoing Verified Complaint and the

statements contained therein are true and accurate to the best of my knowledge, information and

belief.

DocuSigned by:

*Sarran N. Garrett*

D77786910301146E...

Sarran N. Garrett

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000017 of 000017

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

08/23/2023 10:55:13

90450-60

# Exhibit A

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000001 of 000012

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT**

NOT ORIGINAL

Direct Precomputed Interest
Kentucky Consumer Loan Act

Date: 01/23/2018

Account No.: 151/1724/34280

08/23/2023 10:55:13 AM

BORROWER: Sarran N. Garrett
(Print Full Name)

| 105 Sparkling Ct Apt 5 | Vine Grove | | KY | 90450-60 |
|---|---|---|---|---|
| (Street No.) | (City) | (County) | (State) | (Zip) |

CO-BORROWER: _____
(Print Full Name)

| | | | | |
|---|---|---|---|---|
| (Street No.) | (City) | (County) | (State) | (Zip) |

LENDER: Republic Finance, LLC 1609 N. Dixie Hwy Ste 112, Elizabethtown, KY 42701

| (Name) | (Street No.) | (City) | (County) | (State) | (Zip) |
|---|---|---|---|---|---|

**Property:** My loan is secured by the following items, as provided in the Security Agreement on the reverse:
Dell Desktop, $600; Dell All-In-one Printer, $300; 60" Vizio Fs Tv, $1000; 2 42" Vizio Fs Tv @350 Ea, $700; 32" Sanyo Fs Tv, $300; Xbox 360 W/ 4 Games @ 25 Ea', $400; Sanyo Digital Camera, $300
_____
_____
_____, with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the collateral securing my loan are correct.

| ANNUAL PERCENTAGE RATE The cost of my loan as a yearly rate. | FINANCE CHARGE The dollar amount my loan will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 37.620 % | $ 1,119.51 | $ 2,480.49 | $ 3,600.00 |

**Payment Schedule:** My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 150.00 | Due on 03/01/2018 |
| 23 Equal Installment Payments of: | $ 150.00 | On the same day of each month thereafter. |

**Late Payment:** If a payment is more than 7 days late, I will be charged 5% of the delinquent amount or $15.00, whichever is greater.
**Prepayment:** If I prepay in full, I may be entitled to a refund of part of the finance charge. If I prepay in part, I will not be entitled to a refund of part of the finance charge.
**Security Interest:** My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods ☐ Motor Vehicle(s) ☐ Unsecured ☐ Collateral securing other loans with us may also secure this loan. ☐ Other Collateral (brief description):

**Credit Insurance:** Credit life insurance, credit disability insurance, and involuntary unemployment insurance are not required to obtain this loan and will not be provided unless I (we) sign below. I (we) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (we) want voluntary credit life, credit disability, and/or involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance ☒ Single ☒ Decreasing ☐ Joint ☐ Level | $ 47.32 | 24 Mos. | |
| Credit Disability Insurance Rider (single) | $ 140.76 | 24 Mos. | |
| Involuntary Unemployment Insurance | $ 199.80 | 24 Mos. | |

☐ **Motor Vehicle Property Insurance:** I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $0.00 for a term of 0 months.

☒ **Property Insurance (Non Motor Vehicle):** I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $283.92 for a term of 24 months for credit property insurance.

**Contract Reference:** I should look to my Note and Security Agreement for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

"e"=estimate

*(Left margin, vertical text):* N O T  A P P L I C A B L E  U N L E S S  C H E C K E D

*(Right margin, vertical text):* Presiding Judge: HON. LARRY ASHLOCK (609463)

*(Right margin, vertical text):* EXH : 000002 of 000012

## Itemization of the Amount Financed

| | | |
|---|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ | 241.44 |
| (B) Amount Credited To My Existing Loan(s) with You | $ | 1,428.91 |
| (C) Amounts Paid to You for: | | |
| (1) Loan Processing Fee | $ | 0.00 |
| (2) | $ | 0.00 |
| (D) Amounts Paid to Others on My Behalf | | |
| *(Lender and/or its affiliates may receive and retain a portion of these amounts)* | | |
| (1) To Insurance Companies for: | | |
| (a) Credit Life Insurance | $ | 47.32 |
| (b) Single Disability Insurance | $ | 140.76 |
| (c) Single Involuntary Unemployment Insurance | $ | 199.80 |
| (d) Credit Property Insurance (motor vehicle) | $ | 0.00 |
| (e) Credit Property Insurance (non-motor vehicle) | $ | 283.92 |
| Total Insurance Premiums | $ | 671.80 |
| (2) Car Club | $ | 102.00 |

| (3) Amounts Paid to Public Officials or Government Agencies for: | | |
|---|---|---|
| (a) Filing and Termination Fees | $ | 0.00 |
| (b) State Surcharge | $ | 0.00 |
| (c) Municipal Tax | $ | 0.00 |
| (d) Sales and Use Tax | $ | 0.00 |
| (e) | $ | 0.00 |
| Total Taxes and Recording Fees | $ | 0.00 |
| (4) Amounts Paid to | $ | 0.00 |
| (5) Amounts Paid to | $ | 0.00 |
| (6) Amounts Paid to | $ | 0.00 |
| (7) Amounts Paid to | $ | 0.00 |
| (8) Amounts Paid to | $ | 0.00 |
| (E) (Less) Prepaid Finance Charges | $ | 60.00 |
| (F) Amount Financed (Sum of A through D minus E) | $ | 2,480.49 |

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

Agreed Rate of Charge: 35.99 % per year.          **PROMISSORY NOTE ("Note")**          Final Payment Date: 02/01/2020

NOT ORIGINAL

Filed    23-CI-01256    08/21/2023    Loretta Crady, Hardin Circuit Clerk

## Promissory Note Terms and Conditions Continued from Face Side

**Late Payment:** If I fail to pay any installment payment under this Note within 7 days after the date due, you may charge me a late payment fee of 5% of the delinquent amount or $15.00, whichever is greater.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I am in default under any security agreement securing this Note; (3) if I am in default under any other credit extension with you; (4) if I should die, or become insolvent, or apply for bankruptcy or obtain relief from creditors or (5) if you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If you have to sue me or refer this Note for collection by an attorney who is not your salaried employee, I agree to pay the reasonable attorney's fees you incur.

**Returned Check Charges:** If I make any payment on this Note by check or a similar instrument and it is returned to you unpaid or dishonored for any reason, I agree to pay you a Returned Check Charge of $25.00 or any greater amount that a financial institution requires you to pay.

**Loan Processing Fee:** I agree to pay you a loan processing fee equal to 5% of the original principal amount of the loan, not to exceed a maximum of $160. $50 of the loan processing fee is fully earned at the time this Note is signed and will not be refunded. If the Note is prepaid, any portion of the loan processing fee greater than $50 shall be subject to refund in accordance with applicable law.

**Deferral and Deferral Charges:** If you and I agree to defer the full amount of all unpaid installments due under this Note by one or more full months, and you have not already collected a late payment fee from me for the deferred installments, I agree that you may collect a deferral charge from me at the time of the deferral or any time after that. You may collect a deferral charge that is two percent (2%) of the sum of all of my deferred installments, multiplied by the number of months the Final Payment Date is extended. The number of months that the Final Payment Date is extended may not exceed the number of installments then due and wholly unpaid, or that will be due within 15 days from the deferral date.

**Additional Interest:** If two (2) or more full installments are in default for one (1) full month or more as of any installment date, and you reduce the Note balance by the refund or credit that would be required for prepayment in full on such installment date, I agree to pay additional interest on the unpaid principal balance of this Note at the Agreed Rate of Charge (indicated on the face side) until this Note is paid in full, unless a lower rate is required by law.

**Prepayment:** I may prepay this Note at any time. If I prepay in full, I understand that I will not be required to pay a penalty and I will be entitled to receive a rebate of the unearned portion of the Finance Charge. I understand that, if you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 61 months or less, my rebate will be calculated according to the Rule of 78's. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charge (if any) will not be rebated upon prepayment or acceleration and is earned by you at the time this Note is signed, unless otherwise required by law. I understand that if I prepay this Note in part, I will not be entitled to a refund of any portion of the Finance Charge

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement on property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, taking, repossession, holding, preparing for sale and selling any collateral for the Note.

**Governing Law:** I agree that this Note and loan shall be governed by and construed under the laws of the Commonwealth of Kentucky. Specifically, this Note shall be subject to the Kentucky Consumer Loan Act and any federal preemption, if applicable.

**Broker Representations:** Borrower acknowledges that any broker involved in the transaction is not Lender's agent, and Lender is not bound by any of the broker's representations.

**Lender's Errors:** Lender does not intend to charge or collect any interest, charge, or fee that is more than the law allows. If Lender charges or collects any amount over what the law allows, at their election Lender will either refund the excess amount to me or apply the excess amount first to the Principal Balance due on my account as a partial payment without any prepayment charge. If I have paid my Account in full, Lender will refund any excess amount. If any part of this Agreement is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Agreement still are valid and enforceable.

**Tax Deductions:** Lender has made no promises to me nor advised me in any way whether the Finance Charges and Fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and Fees on my tax returns.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several " with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability Clause:** If any provision of this Note is deemed to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining provisions of this Note.

**Jury Waiver:** NOTWITHSTANDING THE ARBITRATION AGREEMENT, TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.

### Signature Lines on Face Side

## SECURITY AGREEMENT

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my indebtedness under the above Note (in principal, interest, late charges, returned check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my Indebtedness is secured under this Contract by my principal residence, the term "Indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future Indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term 'Property' also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the Indebtedness until the full and final payment of the Indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the Indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the type required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. If the losses payable under any insurance you elect to purchase does not benefit both you and me, I understand I will not be charged for the cost of this type of insurance. If a loss is payable under any insurance that is charged to me, I understand that the amounts paid by insurance will be applied to restore the damaged Property or reduce any unpaid balance that remains due under the Contract. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the Commonwealth of Kentucky for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the Indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the Indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, taking, repossession, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Kentucky law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the Indebtedness and in enforcing your security interest. I further agree to pay any additional collection costs and expenses authorized under the Kentucky Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the Indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the Indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

### Signature Lines on Face Side

In this Contract (including the above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeable mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

## Guaranty

Filed  I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.**

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000003 of 000012

Filed                    23-CI-01230     08/21/2023           Loretta Crady, Hardin Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

08/23/2023 10:55:13

90450-60

# Exhibit B

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000004 of 000012

Filed        23-CI-01230        08/21/2023                    Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT    08/23/2023 10:55:13 AM

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT**

Direct Precomputed Interest
Kentucky Consumer Loan Act

Date: 07/26/2018                                                                Account No.: 151/1724/35526

| BORROWER: | Sarran N. Garrett | | | | |
|---|---|---|---|---|---|
| | (Print Full Name) | | | | |
| | 105 Sparkling Ct Apt 5 | Vine Grove | | KY | 940750-60 |
| | (Street No.) | (City) | (County) | (State) | (Zip) |

| CO-BORROWER: | | | | | |
|---|---|---|---|---|---|
| | (Print Full Name) | | | | |
| | (Street No.) | (City) | (County) | (State) | (Zip) |

| LENDER: | Republic Finance, LLC 1609 N. Dixie Hwy Ste 112, Elizabethtown, KY 42701 | | | | |
|---|---|---|---|---|---|
| | (Name) | (Street No.) | (City) | (County) | (State) | (Zip) |

Property: My loan is secured by the following items, as provided in the Security Agreement on the reverse:
Dell Desktop, $1100; Dell All-in-one Printer, $150; 60" Vizio Fs Tv, $1200; Sanyo Digital Camera, $150; 47" Vizio Fs Tv, $800; (3) Dvd /bluray Players, $450; Stereo W/ 2 Speakers, $200; Assorted Hand Tool Sets, $200; 8ft Aluminum Ladder, $100

with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the collateral securing my loan are correct.

| ANNUAL PERCENTAGE RATE The cost of my loan as a yearly rate. | FINANCE CHARGE The dollar amount my loan will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 24.770 % | $ 1,794.42 | $ 4,145.58 | $ 5,940.00 |

**Payment Schedule:** My loan is repayable as follows:

| | Number of Payments | Amount | When Payments Are Due |
|---|---|---|---|
| An Initial Installment Payment of: | | $ 165.00 | Due on 09/01/2018 |
| 35 Equal Installment Payments of: | | $ 165.00 | On the same day of each month thereafter. |

Late Payment: If a payment is more than 7 days late, I will be charged 5% of the delinquent amount or $15.00, whichever is greater.
Prepayment: If I prepay in full, I may be entitled to a refund of part of the finance charge. If I prepay in part, I will not be entitled to a refund of part of the finance charge.
Security Interest: My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods ☐ Motor Vehicle(s) ☐ Unsecured ☐ Collateral securing other loans with us may also secure this loan. ☐ Other Collateral (brief description):

Credit Insurance: Credit life insurance, credit disability insurance, and involuntary unemployment insurance are not required to obtain this loan and will not be provided unless I (we) sign below. I (we) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (we) want voluntary credit life, credit disability, and/or involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance ☒ Single ☒ Decreasing ☐ Joint ☐ Level | $ 116.37 | 36 Mos. | |
| Credit Disability Insurance Rider (single) | $ 305.32 | 36 Mos. | |
| Involuntary Unemployment Insurance | $ 403.92 | 36 Mos. | |

☐ Motor Vehicle Property Insurance: I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $0.00 for a term of 0 months.

☒ Property Insurance (Non Motor Vehicle): I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $511.31 for a term of 36 months for credit property insurance.

Contract Reference: I should look to my Note and Security Agreement for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

"e"=estimate

*(Left margin vertical text: N O T   A P P L I C A B L E   U N L E S S   C H E C K E D)*

**Itemization of the Amount Financed**

| | | |
|---|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ | 1,021.42 |
| (B) Amount Credited To My Existing Loan(s) with You | $ | 1,685.91 |
| (C) Amounts Paid to You for: | | |
| (1) Loan Processing Fee | $ | 0.00 |
| (2) _____ | $ | 0.00 |
| (D) Amounts Paid to Others on My Behalf | | |
| (Lender and/or its affiliates may receive and retain a portion of these amounts) | | |
| (1) To Insurance Companies for: | | |
| (a) Credit Life Insurance | $ | 116.37 |
| (b) Single Disability Insurance | $ | 305.32 |
| (c) Single Involuntary Unemployment Insurance | $ | 403.92 |
| (d) Credit Property Insurance (motor vehicle) | $ | 0.00 |
| (e) Credit Property Insurance (non-motor vehicle) | $ | 511.31 |
| Total Insurance Premiums | $ | 1,336.92 |
| (2) Car Club | $ | 36.00 |

| | | |
|---|---|---|
| (3) Amounts Paid to Public Officials or Government Agencies for: | | |
| (a) Filing and Termination Fees | $ | 5.00 |
| (b) State Surcharge | $ | 0.00 |
| (c) Municipal Tax | $ | 0.00 |
| (d) Sales and Use Tax | $ | 0.00 |
| (e) _____ | $ | 0.00 |
| Total Taxes and Recording Fees | $ | 5.00 |
| (4) Amounts Paid to _____ | $ | 0.00 |
| (5) Amounts Paid to _____ | $ | 0.00 |
| (6) Amounts Paid to _____ | $ | 0.00 |
| (7) Amounts Paid to _____ | $ | 0.00 |
| (8) Amounts Paid to _____ | $ | 0.00 |
| (E) (Less) Prepaid Finance Charges | $ | 60.00 |
| (F) Amount Financed (Sum of A through D minus E) | $ | 4,145.58 |

Agreed Rate of Charge: 24.00 % per year.        **PROMISSORY NOTE ("Note")**        Final Payment Date: 08/01/2021

Filed        23-CI-01230        08/21/2023                    Loretta Crady, Hardin Circuit Clerk

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000005 of 000012

Filed 23-CI-01250 08/21/2023 Loretta Crady, Hardin Circuit Clerk NOT ORIGINAL DOCUMENT 08/25/2023 10:55:13 AM

**Promissory Note Terms and Conditions Continued from Face Side**

**Late Payment:** If I fail to pay any installment payment under this Note within 7 days after the date due, you may charge me a late payment fee of 5% of the delinquent amount or $15.00, whichever is greater.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I am in default under any security agreement securing this Note; (3) if I am in default under any other credit extension with you; (4) if I should die, or become insolvent, or apply for bankruptcy or other relief from creditors or (5) if you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If you have to sue me or refer this Note for collection by an attorney who is not your salaried employee, I agree to pay the reasonable attorney's fees you incur.

**Returned Check Charges:** If I make any payment on this Note by check or a similar instrument and it is returned to you unpaid or dishonored for any reason, I agree to pay you a Returned Check Charge of $25.00 or any greater amount that a financial institution requires you to pay.

**Loan Processing Fee:** I agree to pay you a loan processing fee equal to 5% of the original principal amount of the loan, not to exceed a maximum of $150. $50 of the loan processing fee is fully earned at the time this Note is signed and will not be refunded. If the Note is prepaid, any portion of the loan processing fee greater than $50 shall be subject to refund in accordance with applicable law.

**Deferral and Deferral Charges:** If you and I agree to defer the full amount of all unpaid installments due under this Note by one or more full months, and you have not already collected a late payment fee from me for the deferred installments, I agree that you may collect a deferral charge from me at the time of the deferral or any time after that. You may collect a deferral charge that is two percent (2%) of the sum of all of my deferred installments, multiplied by the number of months the Final Payment Date is extended. The number of months that the Final Payment Date is extended may not exceed the number of installments then due and wholly unpaid, or that will be due within 15 days from the deferral date.

**Additional Interest:** If two (2) or more full installments are in default for one (1) full month or more as of any installment date, and you reduce the Note balance by the refund or credit that would be required for prepayment in full on such installment date, I agree to pay additional interest on the unpaid principal balance of this Note at the Agreed Rate of Charge (indicated on the face side) until this Note is paid in full, unless a lower rate is required by law.

**Prepayment:** I may prepay this Note at any time. If I prepay in full, I understand that I will not be required to pay a penalty and I will be entitled to receive a rebate of the unearned portion of the Finance Charge. I understand that, if you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 61 months or less, my rebate will be calculated according to the Rule of 78's. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charges (if any) will not be rebated upon prepayment or acceleration and are earned by you at the time this Note is signed, unless otherwise required by law. I understand that if I prepay this Note in part, I will not be entitled to a refund of any portion of the Finance Charge.

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement on property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, taking, repossessing, holding, preparing for sale and selling any collateral for the Note.

**Governing Law:** I agree that this Note and loan shall be governed by and construed under the laws of the Commonwealth of Kentucky. Specifically, this Note shall be subject to the Kentucky Consumer Loan Act and any federal preemption, if applicable.

**Broker Representations:** Borrower acknowledges that any broker involved in the transaction is not Lender's agent, and Lender is not bound by any of the broker's representations.

**Lender's Errors:** Lender does not intend to charge or collect any interest, charge, or fee that is more than the law allows. If Lender charges or collects any amount over what the law allows, at their election Lender will either refund the excess amount to me or apply the excess amount first to the Principal Balance due on my account as a partial payment without any prepayment charge. If I have paid my Account in full, Lender will refund any excess amount. If any part of this Agreement is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Agreement still are valid and enforceable.

**Tax Deductions:** Lender has made no promises to me nor advised me in any way whether the Finance Charges and Fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and Fees on my tax returns.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several" with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability Clause:** If any provision of this Note is deemed to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining provisions of this Note.

**Jury Waiver:** NOTWITHSTANDING THE ARBITRATION AGREEMENT, TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.

*Signature Lines on Face Side*

**SECURITY AGREEMENT**

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my Indebtedness under the above Note (in principal, interest, late charges, returned check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my Indebtedness is secured under this Contract by my principal residence, the term "Indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future Indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the Indebtedness until the full and final payment of the Indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the Indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. If the losses payable under any insurance you elect to purchase does not benefit both you and me, I understand I will not be charged for the cost of this type of insurance. If a loss is payable under any insurance that is charged to me, I understand that the amounts paid by insurance will be applied to restore the damaged Property or reduce any unpaid balance that remains due under the Contract. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the Commonwealth of Kentucky for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the Indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payment; (ii) accelerate and declare due the remaining balance of the Indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, taking, repossessing, holding, preparing for sale and selling the Property. You may take possession of the Property in any manner then permitted under the laws of the State in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Kentucky law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the Indebtedness and in enforcing your security interest. I further agree to pay any additional collection costs and expenses authorized under the Kentucky Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the Indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the Indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

*Signature Lines on Face Side*

In this Contract (including the above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeable mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

**Guaranty**

**Filed** I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.**

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000006 of 000012

Filed          23-CI-01230     08/21/2023          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/23/2023 10:55:13
AM
90450-60

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000007 of 000012

# Exhibit C

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

COMBINATION PROMISSORY NOTE, TRUTH IN LENDING
DISCLOSURE STATEMENT AND SECURITY AGREEMENT

NOT ORIGINAL

Direct Precomputed Interest
Kentucky Consumer Loan Act

Date: 09/03/2021

Account No.: 151/1724/42329

BORROWER: Sarran N. Garrett
(Print Full Name)
105 Sparkling Ct Apt 5          Vine Grove          KY  40175
(Street No.)          (City)          (County)          (State)          (Zip)

CO-BORROWER: _____
(Print Full Name)
_____          _____          _____          _____          _____
(Street No.)          (City)          (County)          (State)          (Zip)

LENDER: Republic Finance, LLC 1609 N. Dixie Hwy Ste 112, Elizabethtown, KY 42701
(Name)          (Street No.)          (City)          (County)          (State)          (Zip)

Property: My loan is secured by the following items, as provided in the Security Agreement on the reverse:
2009 Chevrolet Impala 2G1WT57KX91111763, $3025; Dell Desktop, $1100; Dell All-in-one Printer, $150; (1 Of 3) 60" Vizio Fs Tv, $1200; Sanyo Digital Camera, $150; (2 Of 3) 47"
Vizio Fs Tv, $800; (3) Dvd /bluray Players, $450; Stereo W/ 2 Speakers, $200; Assorted Hand Tool Sets, $200; 5ft Aluminum Ladder, $100; (50) Dvds, $400; Ps 4, $350

_____, with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the collateral securing my loan are correct.

| ANNUAL PERCENTAGE RATE The cost of my loan as a yearly rate. | FINANCE CHARGE The dollar amount my loan will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 26.740 % | $ 1,884.42 | $ 4,055.58 | $ 5,940.00 |

Payment Schedule: My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 165.00 | Due on 10/03/2021 |
| 35   Equal Installment Payments of: | $ 165.00 | On the same day of each month thereafter. |

Late Payment: If a payment is more than 7 days late, I will be charged 5% of the delinquent amount or $15.00, whichever is greater.
Prepayment: If I prepay in full, I may be entitled to a refund of part of the finance charge. If I prepay in part, I will not be entitled to a refund of part of the finance charge.
Security Interest: My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods
☒ Motor Vehicle(s)  ☐ Unsecured  ☐ Collateral securing other loans with us may also secure this loan.  ☐ Other Collateral (brief description):

Credit Insurance: Credit life insurance, credit disability insurance, and involuntary unemployment insurance are not required to obtain this loan and will not be provided unless I (we) sign below. I (we) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (we) want voluntary credit life, credit disability, and/or involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance  ☒ Single  ☒ Decreasing  ☐ Joint  ☐ Level | $ 137.21 | 36 Mos. | |
| Credit Disability Insurance Rider (single) | $ 305.32 | 36 Mos. | |
| Involuntary Unemployment Insurance | $ 403.92 | 36 Mos. | |

☐ Motor Vehicle Property Insurance: I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $0.00 for a term of 0 months.

☒ Property Insurance (Non Motor Vehicle): I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $596.70 for a term of 36 months for credit property insurance.

Contract Reference: I should look to my Note and Security Agreement for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

"e"=estimate

**NOT APPLICABLE UNLESS CHECKED** (vertical text, left margin)

**Presiding Judge: HON. LARRY ASHLOCK (609463)** (vertical text, right margin)

**EXH: 000008 of 000012** (vertical text, right margin)

## Itemization of the Amount Financed

| | | |
|---|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ | 563.04 |
| (B) Amount Credited To My Existing Loan(s) with You | $ | 1,815.71 |
| (C) Amounts Paid to You for: | | |
| (1) Loan Processing Fee | $ | 0.00 |
| (2) _____ | $ | 0.00 |
| (D) Amounts Paid to Others on My Behalf | | |
| (Lender and/or its affiliates may receive and retain a portion of these amounts) | | |
| (1) To Insurance Companies for: | | |
| (a) Credit Life Insurance | $ | 137.21 |
| (b) Single Disability Insurance | $ | 305.32 |
| (c) Single Involuntary Unemployment Insurance | $ | 403.92 |
| (d) Credit Property Insurance (motor vehicle) | $ | 0.00 |
| (e) Credit Property Insurance (non-motor vehicle) | $ | 596.70 |
| Total Insurance Premiums | $ | 1,443.15 |
| (2) Car Club | $ | 156.00 |

| | | |
|---|---|---|
| (3) Amounts Paid to Public Officials or Government Agencies for: | | |
| (a) Filing and Termination Fees | $ | 0.00 |
| (b) State Surcharge | $ | 0.00 |
| (c) Municipal Tax | $ | 0.00 |
| (d) Sales and Use Tax | $ | 0.00 |
| (e) _____ | $ | 0.00 |
| Total Taxes and Recording Fees | $ | 0.00 |
| (4) Amounts Paid to _____ | $ | 0.00 |
| (5) Amounts Paid to _____ | $ | 0.00 |
| (6) Amounts Paid to _____ | $ | 0.00 |
| (7) Amounts Paid to _____ | $ | 0.00 |
| (8) Amounts Paid to _____ | $ | 0.00 |
| (E) (Less) Prepaid Finance Charges | $ | 150.00 |
| (F) Amount Financed (Sum of A through D minus E) | $ | 4,055.58 |

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

Agreed Rate of Charge: 24.00 % per year.          PROMISSORY NOTE ("Note")          Final Payment Date: 09/03/2024

Filed          23-CI-01250      08/21/2023      Loretta Crady, Hardin Circuit Clerk          NOT ORIGINAL

DOCUMENT                                                                                                08/23/2023 10:55:13

AM

**Promissory Note Terms and Conditions Continued from Face Side**

**Late Payment:** If I fail to pay any installment payment under this Note within 7 days after the date due, you may charge me a late payment fee of 5% of the delinquent amount or $15.00, whichever is greater.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I am in default under any security agreement securing this Note; (3) If I am in default under any other credit extension with you; (4) if I should die, or become insolvent, or apply for bankruptcy or other relief from creditors or (5) if you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If you have to sue me or refer this Note for collection by an attorney who is not your salaried employee, I agree to pay the reasonable attorney's fees you incur.

**Returned Check Charges:** If I make any payment on this Note by check or a similar instrument and it is returned to you unpaid or dishonored for any reason, I agree to pay you a Returned Check Charge of $25.00 or the greater amount that a financial institution requires you to pay.

**Loan Processing Fee:** I agree to pay you a loan processing fee equal to 5% of the original principal amount of the loan, not to exceed a maximum of $150. $50 of the loan processing fee is fully earned at the time this Note is signed and will not be refunded. If the Note is prepaid, any portion of the loan processing fee greater than $50 shall be subject to refund in accordance with applicable law.

**Deferral and Deferral Charges:** If you and I agree to defer the full amount of all unpaid installments due under this Note by one or more full months, and you have not already collected a late payment fee from me for the deferred installments, I agree that you may collect a deferral charge from me at the time of the deferral or any time after that. You may collect a deferral charge that is two percent (2%) of the sum of all of my deferred installments, multiplied by the number of months the Final Payment Date is extended. The number of months that the Final Payment Date is extended may not exceed the number of installments than due and wholly unpaid, or that will be due within 15 days from the deferral date.

**Additional Interest:** If two (2) or more full installments are in default for one (1) full month or more as of any installment date, and you reduce the Note balance by the refund or credit that would be required for prepayment in full on such installment date, I agree to pay additional interest on the unpaid principal balance of this Note at the Agreed Rate of Charge (indicated on the face side) until this Note is paid in full, unless a lower rate is required by law.

**Prepayment:** I may prepay this Note at any time. If I prepay in full, I understand that I will not be required to pay a penalty and I will be entitled to receive a rebate of the unearned portion of the Finance Charge. I understand that, if you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 61 months or less, my rebate will be calculated according to the Rule of 78's. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charges (if any) will not be rebated upon prepayment or acceleration and are earned by you at the time this Note is signed, unless otherwise required by law. I understand that if I prepay this Note in part, I will not be entitled to a refund of any portion of the Finance Charge

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement on property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, taking, repossessing, holding, preparing for sale and selling any collateral for the Note.

**Governing Law:** I agree that this Note and loan shall be governed and construed under the laws of the Commonwealth of Kentucky. Specifically, this Note shall be subject to the Kentucky Consumer Loan Act and any federal preemption, if applicable.

**Broker Representations:** Borrower acknowledges that any broker involved in the transaction is not Lender's agent, and Lender is not bound by any of the broker's representations.

**Lender's Errors:** Lender does not intend to charge or collect any interest, charge, or fee that is more than the law allows. If Lender charges or collects any amount over what the law allows, at their election Lender will either refund the excess amount to me or apply the excess amount first to the Principal Balance due on my account as a partial payment without any prepayment charge. If I have paid my Account in full, Lender will refund any excess amount. If any part of this Agreement is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Agreement still are valid and enforceable.

**Tax Deductions:** Lender has made no promises to me nor advised me in any way whether the Finance Charges and Fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and Fees on my tax returns.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several " with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability Clause:** If any provision of this Note is deemed to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining provisions of this Note.

**Jury Waiver:** NOTWITHSTANDING THE ARBITRATION AGREEMENT, TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.

**Signature Lines on Face Side**

**SECURITY AGREEMENT**

**Secured Indebtedness:** For purposes of this Contract, the term "indebtedness" means: (1) my indebtedness under the above Note (in principal, interest, late charges, returned check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my indebtedness is secured under this Contract by my principal residence, the term "indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or our) present and future indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the indebtedness until the full and final payment of the indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I may have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which covers your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. If the losses payable under any insurance you elect to purchase does not benefit both you and me, I understand I will not be charged for the cost of this type of insurance. If a loss is payable under any insurance that is charged to me, I understand that the amounts paid by insurance will be applied to reduce the damaged Property or reduce any unpaid balance that remains due under the Contract. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the Commonwealth of Kentucky for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, taking, repossessing, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Kentucky law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the indebtedness and in enforcing your security interest. I further agree to pay any additional collection costs and expenses authorized under the Kentucky Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

**Signature Lines on Face Side**

In this Contract (above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeable mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

**Guaranty**

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.**

Filed

Presiding Judge: HON. LARRY ASHLOCK (609463)          EXH : 000009 of 000012

Filed          23-CI-01230     08/21/2023     Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL

08/23/2023 10:55:13

90450-60

DOCUMENT

AM

# Exhibit D

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000010 of 000012

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

**COMBINATION PROMISSORY NOTE, TRUTH IN LENDING DISCLOSURE STATEMENT AND SECURITY AGREEMENT**

Direct Precomputed Interest
Kentucky Consumer Loan Act

NOT ORIGINAL
DOCUMENT
AM

08/23/2023 10:55:13

Date: 06/28/2022                                                        Account No.: 151/1724/44066

BORROWER: Sarran N. Garrett
(Print Full Name)

105 Sparkling Ct Apt 5                 Vine Grove                              KY          40175 90175 0-60
(Street No.)                            (City)              (County)        (State)           (Zip)

CO-BORROWER: 
(Print Full Name)

(Street No.)                            (City)              (County)        (State)           (Zip)

LENDER: Republic Finance, LLC 1609 N. Dixie Hwy Ste 112, Elizabethtown, KY 42701
(Name)              (Street No.)              (City)              (County)        (State)           (Zip)

Property: My loan is secured by the following items, as provided in the Security Agreement on the reverse:
2009 Chevrolet Impala 2G1WT57KX91111753, $3200; Dell Desktop, $1100; Dell All-In-one Printer, $150; (1 Of 3) 60" Vizio Fs Tv, $1200; Sanyo Digital Camera, $150; (2 Of 3) 47" Vizio Fs Tv, $800; (3) Dvd /bluray Players, $450; Stereo W/ 2 Speakers, $200; Assorted Hand Tool Sets, $200; 5ft Aluminum Ladder, $100; (50) Dvds, $400; Ps 4, $350

_____, with any additional collateral described on Schedule A.

Additionally, I affirm that the values indicated above for the collateral securing my loan are correct.

| ANNUAL PERCENTAGE RATE The cost of my loan as a yearly rate. | FINANCE CHARGE The dollar amount my loan will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 26.140 % | $ 2,199.77 | $ 4,820.23 | $ 7,020.00 |

Payment Schedule: My loan is repayable as follows:

| Number of Payments | Amount | When Payments Are Due |
|---|---|---|
| An Initial Installment Payment of: | $ 195.00 | Due on 08/01/2022 |
| 35   Equal Installment Payments of: | $ 195.00 | On the same day of each month thereafter. |

Late Payment: If a payment is more than 7 days late, I will be charged 5% of the delinquent amount or $15.00, whichever is greater.
Prepayment: If I prepay in full, I may be entitled to a refund of part of the finance charge. If I prepay in part, I will not be entitled to a refund of part of the finance charge.
Security Interest: My loan is secured by the following property: ☐ The goods or property being purchased with the loan proceeds. ☒ Certain Household Goods ☒ Motor Vehicle(s) ☐ Unsecured ☐ Collateral securing other loans with us may also secure this loan. ☐ Other Collateral (brief description):

Credit Insurance: Credit life insurance, credit disability insurance, and involuntary unemployment insurance are not required to obtain this loan and will not be provided unless I (we) sign below. I (we) have the option of voluntarily electing to purchase credit insurance through you.

| Insurance Type | Premium | Term | Signature: I (we) want voluntary credit life, credit disability, and/or involuntary unemployment insurance as indicated by the signature below. |
|---|---|---|---|
| Credit Life Insurance ☒ Single ☒ Decreasing ☐ Joint ☐ Level | $ 162.61 | 36 Mos. | |
| Credit Disability Insurance Rider (single) | $ 360.83 | 36 Mos. | |
| Involuntary Unemployment Insurance | $ 477.36 | 36 Mos. | |

☐ Motor Vehicle Property Insurance: I may purchase required property insurance on my motor vehicle securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $0.00 for a term of 0 months.

☒ Property Insurance (Non Motor Vehicle): I may purchase required property insurance on my personal property (non-motor vehicle) securing this loan through any person of my choice acceptable to you. If I choose to purchase the required property insurance from you, I understand the cost will be $598.38 for a term of 36 months for credit property insurance.

Contract Reference: I should look to my Note and Security Agreement for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

*e*=estimate

## Itemization of the Amount Financed

| | | | | | |
|---|---|---|---|---|---|
| (A) Amount Paid Directly to Me (cash advance) | $ 416.34 | | (3) Amounts Paid to Public Officials or Government Agencies for: | | |
| (B) Amount Credited To My Existing Loan(s) with You | $ 2,671.53 | | (a) Filing and Termination Fees | $ | 0.00 |
| (C) Amounts Paid to You for: | | | (b) State Surcharge | $ | 19.36 |
| (1) Loan Processing Fee | $ 150.00 | | (c) Municipal Tax | $ | 59.84 |
| (2) _____ | $ 0.00 | | (d) Sales and Use Tax | $ | 0.00 |
| (D) Amounts Paid to Others on My Behalf | | | (e) _____ | $ | 0.00 |
| (Lender and/or its affiliates may receive and retain a portion of these amounts) | | | Total Taxes and Recording Fees | $ | 79.20 |
| (1) To Insurance Companies for: | | | (4) Amounts Paid to _____ | $ | 0.00 |
| (a) Credit Life Insurance | $ 162.61 | | (5) Amounts Paid to _____ | $ | 0.00 |
| (b) Single Disability Insurance | $ 360.83 | | (6) Amounts Paid to _____ | $ | 0.00 |
| (c) Single Involuntary Unemployment Insurance | $ 477.36 | | (7) Amounts Paid to _____ | $ | 0.00 |
| (d) Credit Property Insurance (motor vehicle) | $ 0.00 | | (8) Amounts Paid to _____ | $ | 0.00 |
| (e) Credit Property Insurance (non-motor vehicle) | $ 598.36 | | (E) (Less) Prepaid Finance Charges | $ | 150.00 |
| Total Insurance Premiums | $ 1,599.16 | | (F) Amount Financed (Sum of A through D minus E) | $ | 4,820.23 |
| (2) Car Club | $ 54.00 | | | | |

Filed          23-CI-01230          08/21/2023          Loretta Crady, Hardin Circuit Clerk

Agreed Rate of Charge: 24.00 % per year.                    **PROMISSORY NOTE ("Note")**                    Final Payment Date: 07/01/2025

Presiding Judge: HON. LARRY ASHLOCK (609463)

EXH : 000011 of 000012

N
O
T

A
P
P
L
I
C
A
B
L
E

U
N
L
E
S
S

C
H
E
C
K
E
D

Filed   23-CI-01236   08/21/2023   Loretta Crady, Hardin Circuit Clerk   NOT ORIGINAL
DOCUMENT
AM   08/25/2023 10:55:13

## Promissory Note Terms and Conditions Continued on Face Side

**Late Payment:** If I fail to pay any installment payment under this Note within 7 days after the date due, you may charge me a late payment fee of 5% of the installment amount or $16.00, whichever is greater.

**Default and Acceleration:** You have the right, at your option, to insist on immediate payment in full (to accelerate the maturity) of this Note upon any one or more of the following events: (1) if I fail to make payments under this Note when due; (2) if I am in default under any security agreement securing this Note; (3) if I am in default under any other credit extension with you; (4) if I should die, or become insolvent, or apply for bankruptcy or other relief from creditors or (5) if you reasonably believe yourself to be insecure in the repayment of this Note.

**Attorney's Fees:** If you have to sue me or refer this Note for collection by an attorney who is not your salaried employee, I agree to pay the reasonable attorney's fees you incur.

**Returned Check Charges:** If I make any payment on this Note by check or a similar instrument and it is returned to you unpaid or dishonored for any reason, I agree to pay you a Returned Check Charge of $25.00 or any greater amount that a financial institution requires you to pay.

**Loan Processing Fee:** I agree to pay you a loan processing fee equal to 5% of the original principal amount of the loan, not to exceed a maximum of $150. $50 of the loan processing fee is fully earned at the time this Note is signed and will not be refunded. If the Note is prepaid, any portion of the loan processing fee greater than $50 shall be subject to refund in accordance with applicable law.

**Deferral and Deferral Charges:** If you and I agree to defer the full amount of all unpaid installments due under this Note by one or more full months, and you have not already collected a late payment fee from me for the deferred installments, I agree that you may collect a deferral charge from me at the time of the deferral or any time after that. You may collect a deferral charge that is two percent (2%) of the sum of all of my deferred installments, multiplied by the number of months the Final Payment Date is extended. The number of months that the Final Payment Date is extended may not exceed the number of installments then due and wholly unpaid, or that will be due within 15 days from the deferral date.

**Additional Interest:** If two (2) or more full installments are in default for one (1) full month or more as of any installment date, and you reduce the Note balance by the refund or credit that would be required for prepayment in full on such installment date, I agree to pay additional interest on the unpaid principal balance of this Note at the Agreed Rate of Charge (indicated on the face side) until this Note is paid in full, unless a lower rate is required by law.

**Prepayment:** I may prepay this Note at any time. If I prepay in full, I understand that I will not be required to pay a penalty and I will be entitled to receive a rebate of the unearned portion of the Finance Charge. I understand that, if you accelerate payment under this Note, I may be entitled to receive a rebate of the unearned portion of the Finance Charge. If my Note has a term to maturity of 61 months or less, my rebate will be calculated according to the Rule of 78's. If my Note has a term to maturity of more than 61 months, my Finance Charge rebate will be calculated by applying the actuarial method. A rebate of less than $1.00 will not be made. I also understand that Prepaid Finance Charges (if any) will not be rebated upon prepayment or acceleration and are earned by you at the time this Note is signed, unless otherwise required by law. I understand that if I prepay this Note in part, I will not be entitled to a refund of any portion of the Finance Charge.

**Default:** If I default on this Note, you may, at your option: (i) bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Note); (iii) foreclose on any security agreement on property which I have given as collateral for the Note; and/or (iv) take any other action authorized under any security agreement I have granted securing this Note or authorized by applicable law. I will pay you all costs you incur in collecting this Note, taking, repossessing, holding, preparing for sale and selling any collateral for the Note.

**Governing Law:** I agree that this Note and loan shall be governed by and construed under the laws of the Commonwealth of Kentucky. Specifically, this Note shall be subject to the Kentucky Consumer Loan Act and any federal preemption, if applicable.

**Broker Representations:** Borrower acknowledges that any broker involved in the transaction is not Lender's agent, and Lender is not bound by any of the broker's representations.

**Lender's Errors:** Lender does not intend to charge or collect any interest, charge, or fee that is more than the law allows. If Lender charges or collects any amount over what the law allows, at their election Lender will either refund the excess amount to me or apply the excess amount first to the Principal Balance due on my account as a partial payment without any prepayment charge. If I have paid my Account in full, Lender will refund any excess amount. If any part of this Agreement is fully determined to be unenforceable under any law, rule or regulation, all other parts of this Agreement still are valid and enforceable.

**Tax Deductions:** Lender has made no promises to me nor advised me in any way whether the Finance Charges and Fees are "interest" that I may deduct on my tax returns. I should consult a tax advisor about deducting Finance Charges and Fees on my tax returns.

**General Provisions:** I, as well as all other persons signing this Note as borrower, co-borrower or guarantor, waive demand for payment, protest and notice of protest and non-payment and all pleas of division and discussion, and agree that our liability under this Note shall be "joint and several" with each other. We further agree that discharge or release of any party or collateral securing this Note, extension of time for payment, or delay in enforcing any rights granted to you will not cause you to lose any rights under this Note. I additionally agree to provide you with a current financial statement or additional financial information, including a copy of my most recent federal income tax return, upon request.

**Severability Clause:** If any provision of this Note is deemed to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remaining provisions of this Note.

**Jury Waiver:** NOTWITHSTANDING THE ARBITRATION AGREEMENT, TO THE MAXIMUM EXTENT PERMISSIBLE UNDER APPLICABLE LAW, YOU AND I WAIVE THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING FROM OR RELATING TO THIS LOAN. THIS PROVISION IS A MATERIAL INDUCEMENT FOR YOU TO MAKE THIS LOAN.

### Signature Lines on Face Side

## SECURITY AGREEMENT

**Secured Indebtedness:** For purposes of this Contract, the term "Indebtedness" means: (1) my indebtedness under the above Note (in principal, interest, late charges, returned check charges, other fees, costs, expenses, and attorney's fees) and under all extensions, substitutions and renewals of my Note; (2) any additional funds that you may advance on my behalf as provided under this Contract; and (3) any other loans, promissory notes, indebtedness and obligations that I (or any of us) may now and in the future owe to you, whether direct or indirect, absolute or contingent, liquidated or unliquidated, due or to become due, of every nature and kind whatsoever, and whether or not in any way related to my loan evidenced by the above Note. However, to the extent that my Indebtedness is secured under this Contract by my principal residence, the term "Indebtedness" will not include the additional loans, notes, indebtedness and obligations mentioned in (3) above, unless you comply with any subsequent disclosure requirements of Federal Reserve Board and Regulation Z.

**Grant of Security Interest:** In order to secure the prompt and punctual payment and satisfaction of my (or any of our) present and future Indebtedness as defined above, I am granting you a continuing security interest on my property described on the face side of this Contract (the "Property") and/or Schedule A and all proceeds thereof, including without limitation, equipment purchased with proceeds. The term "Property" also includes all improvements, additions, repair and replacement parts to the Property, whether added now or later, together with all insurance proceeds and refunds of insurance premiums, if any, and all sums that may be due from third parties who may cause damage to the Property or from any insurer, whether due to judgment, settlement or other process. However, this Contract does not grant to you a non-purchase money security interest in any household goods as defined at 16 C.F.R. 444.

**Covenants:** I agree that the Property will secure the Indebtedness until the full and final payment of the Indebtedness. I agree not to sell or transfer the Property or to allow any other security interests or liens to be placed on or to attach to the Property without your prior written consent. In the event that I should sell or transfer the Property without first obtaining your prior written consent, I agree that such an unauthorized sale or transfer will constitute a breach of this Contract, which will entitle you to cause the Property to be immediately seized and sold in accordance with applicable law. I agree to make all necessary repairs to and not to abandon the Property and to further abide by all laws, rules and regulations with regard to the use of the Property. I additionally agree that you shall have the right to inspect the Property at reasonable times. I agree to maintain insurance on the Property at my expense for as long as the Indebtedness remains unpaid and unsatisfied. This insurance is to be in the amount and of the types required by you and must be issued by a financially responsible insurance company or companies acceptable to you. I additionally agree that you will be named as a non-contributory lender loss payee beneficiary under my insurance policy or policies. I further agree to provide you with original copies of my insurance policies along with evidence that I have paid the policy premiums and all renewal premiums. I agree to promptly pay all taxes, assessments and governmental charges that may be assessed against the Property and to furnish you with evidence that such taxes, assessments and charges have been paid. I also agree to grant you a limited power of attorney to negotiate and settle any claims I have under any such insurance policy covering the Property and to endorse any draft or check which is the proceeds of such insurance. I agree not to use the Property for any illegal purpose.

Should I fail to purchase and maintain insurance on the Property, or fail to pay taxes, assessments and governmental charges when due, or should I allow any other liens or security interests to attach to the Property, or should I fail to maintain and repair the Property as required under this Contract, then you shall have the right (at your sole option and without any responsibility or liability to do so) to purchase insurance coverage of such type and amount as you deem acceptable, to pay such taxes, assessments and governmental charges, to satisfy any liens or encumbrances against the Property, and to make such repairs to the Property as you may deem within your sole discretion to be necessary and appropriate. I agree to immediately reimburse you for all additional sums which you may advance for such purposes, together with interest at the rate provided in my Note from the date of each such advance until I repay you in full. All such additional sums shall be secured under this Contract. Any insurance purchased may, at your option, be in the form of single interest insurance, which shall cover your interest only up to the payoff of all sums due under the Contract, or dual interest insurance which shall cover the actual cash value of the property and any other coverages which you may elect to purchase for my benefit. If the losses payable under any insurance you elect to purchase does not benefit both you and me, I understand it will be charged for the cost of this type of insurance. If a loss is payable under any insurance that is charged to me, I understand that the amounts paid by insurance will be applied to restore the damaged Property or reduce any unpaid balance that remains due under the Contract. I authorize you to release to third parties any information necessary to facilitate insurance and tax monitoring and insurance placement.

**Location of Property:** Unless otherwise indicated, the Property will be kept at my address indicated on the face side of this Contract. I agree not to remove the Property from the Commonwealth of Kentucky for a period in excess of sixty (60) consecutive days without first obtaining your prior written consent.

**Default and Acceleration:** Should I (or any of us) default under any of the Indebtedness or any of my obligations under this Contract, I agree that you shall have the right at your option: (i) to bring suit against me for any delinquent payments; (ii) accelerate and declare due the remaining balance of the Indebtedness (in which case upon payment in full by me, you will rebate any unearned finance charge as provided in this Contract); (iii) take or repossess the Property; and/or (iv) exercise any other remedies available under applicable law. I will pay you all costs you incur in collecting this Contract, taking, repossessing, holding, preparing for sale and selling the Property. I agree that you may take possession of the Property in any manner then permitted under the laws of the state in which the Property is then located. Should you for any reason have or acquire possession of the Property at or following default, I agree that you may sell the Property at public auction or private sale as authorized by Kentucky law or the applicable provisions of the Uniform Commercial Code in effect in the state where the Property is then located. If you are required by law to give me notice of the public or private sale of the Property, I agree that the requirements of reasonable notice shall be met if you mail such notice to me at my last address appearing in your records at least (21) days (or such less period of time as may be permitted by applicable law) before the time of the sale or disposition. I agree to pay your out-of-pocket collection costs and expenses incurred in collecting the Indebtedness and in enforcing your security interest. I further agree to pay any additional collection costs and expenses authorized under the Kentucky Uniform Commercial Code. All such out-of-pocket collection costs and expenses shall become part of the Indebtedness secured by this Contract and shall be payable on demand, with interest at the rate provided in my Note from the date of each such expenditure until repaid. Any remaining proceeds from the sale of the Property after payment of the Indebtedness will be paid to me. If there is a deficiency, I will pay it.

**Miscellaneous:** I authorize you to file a UCC-1 financing statement or, alternatively, a copy of this Contract to perfect your security interest. I agree, at your request, to sign all other documents that are necessary to perfect, protect and continue your security interest in my Property. I agree to reimburse you for any costs of filing amendments to or continuations of my financing statement and authorize you to add such amounts to the then unpaid balance of my Note secured under this Contract. I further agree that any failure on your part to exercise any right or option that you may have under this Contract or under applicable law will not be construed as a waiver by you of such rights or options. I additionally agree that the loss, damage or destruction of the Property will not release me from my obligations under this Contract. Paragraph headings are for convenient reference and are not to be construed as a complete summary of each paragraph.

### Signature Lines on Face Side

In this Contract (including the above Note and Security Agreement) the words "I," "me," "my," "we," "us" and "our" individually, collectively and interchangeable mean each person signing this Contract as borrower, co-borrower or guarantor. The words "you," "your" and "yours" mean the Lender named on the face side of this Contract and its transfers and assigns. This Contract and any arbitration agreement constitute the entire agreement between the parties and no modification or amendment of this Contract shall be effective unless in writing. All provisions of this Contract which are prohibited by applicable law shall be ineffective to the extent of such prohibition without invalidating any other provisions of this Contract.

### Guaranty

I (We) jointly, severally and solidarily unconditionally guarantee payment of the above Note and all renewals, substitutions and extensions thereof and agree to all of the Note's terms and conditions. **The obligations and related claims of the parties to this combination Promissory Note, Security Agreement, and Disclosure Statement, are subject to an arbitration agreement signed as part of this transaction.**

Presiding Judge: HON. LARRY ASHLOCK (609463)   EXH : 000012 of 000012



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #:  **23-CI-01230**  ORIGINAL
Court:  **CIRCUIT**
County:  **HARDIN**  08/23/2023 10:56:17

90450-60

## CIVIL SUMMONS

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **REPUBLIC FINANCE, LLC**
     **1925 BLANKENBAKER PARKWAY**
     **LOUISVILLE, KY 40243**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____        _____
                                                                Served By

                                              _____
                                                                Title

Summons ID: @00000373549
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1



Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



| AOC-E-105     Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #:   **23-CI-01230** ~~ORIGINAL~~<br>Court:   **CIRCUIT**<br>County: **HARDIN** 08/23/2023 10:56:27<br><br>90450-60 |

DOCUMENT
AM

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO: **ADVANCED COLLECTION BUREAU, INC.**

     **1535 COGSWELL ST.**

     **ROCKLEDGE, FL 32955**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

     Date: _____, 20 _____        _____

                                                          Served By

                                                   _____

                                                         Title

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

*CI : 000001 of 000001*





eFiled

| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **23-CI-01230** ~~ORIGINAL~~<br>Court: **CIRCUIT**<br>County: **HARDIN** 08/23/2023 10:56:30<br><br>90450-60 |

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*


TO: **SANTANDER CONSUMER USA, INC.**

**1601 ELM ST.**

**STE. 800**

**DALLAS, TX 75201**

Memo:  Registered Agent of Service exists.


The Commonwealth of Kentucky to Defendant:


You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.


*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

Presiding Judge: HON. LARRY ASHLOCK (609463)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                                           Served By

                                                                           _____
                                                                           Title

CI : 000001 of 000001



Page 1 of 1

*e*Filed

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #:  **23-CI-01230**  ~~BROWN~~ ORIGINAL
Court:   **CIRCUIT**
County:  **HARDIN**  08/23/2023 10:56:55

90450-60

---

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **VINELAND CARRIAGE HOMES**
     **100 SPARKLING COURT**
     **VINE GROVE, KY 40175**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____
                                                  Served By

                                                  _____
                                                  Title

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

*CI : 000001 of 000001*

Summons ID: @00000373552
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



*eFiled*



AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice          *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #:  **23-CI-01230** ~~ORIGINAL~~
Court:   **CIRCUIT**
County:  **HARDIN** 08/23/2023 10:57:11

90450-60

---

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **HUNTER WARFIELD, INC.**
     **C/O RAY SHERBILL**
     **7600 WISCONSIN AVE., #700**
     **BETHESDA, MD 20814**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

Presiding Judge: HON. LARRY ASHLOCK (609463)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                    Served By

                                          _____
                                                    Title

CI : 000001 of 000001

---

Summons ID: @00000373553
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1

*e*Filed



| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #:  **23-CI-01230**  ~~ORIGINAL~~<br>Court:   **CIRCUIT**<br>County: **HARDIN** 08/23/2023 10:57:27<br><br>90450-60 |

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **EQUIFAX INFORMATION SERVICES, LLC**
**1550 PEACHTREE ST. N.W.**
**ATLANTA, GA 30309**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

<div style="text-align:right">Presiding Judge: HON. LARRY ASHLOCK (609463)</div>

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                          Served By

                                                          _____
                                                          Title

<div style="text-align:right">CI : 000001 of 000001</div>

Summons ID: @00000373554
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1

**eFiled**



| AOC-E-105<br>Rev. 9-14 | Sum Code: CI | | Case #: | **23-CI-01230** ~~ORIGINAL~~ |
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | | Court: | **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | | County: | **HARDIN** 08/23/2023 10:57:34 |

90450-60

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **TRANS UNION, LLC**
     **555 W. ADAMS ST.**
     **CHICAGO, IL 60661**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000373555
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1

eFiled



AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **23-CI-01230** ~~ORIGINAL~~
Court:  **CIRCUIT**
County:  **HARDIN** 08/23/2023 10:58:01

90450-60

## CIVIL SUMMONS

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO: **CT CORPORATION SYSTEM**
    **306 W. MAIN ST.**
    **STE. 512**
    **FRANKFORT, KY 40601**

Memo: Related party is REPUBLIC FINANCE, LLC

The Commonwealth of Kentucky to Defendant:
**REPUBLIC FINANCE, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                        Served By

                                                   _____
                                                        Title

Summons ID: @00000373556
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



Page 1 of 1

*eFiled*



| AOC-E-105        Sum Code: CI | | Case #: **23-CI-01230** ORIGINAL |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **HARDIN** 08/23/2023 10:58:22 |
| Court of Justice   *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | 90450-60 |

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO: **ADVANCED COLLECTION BUREAU, INC.**

**1535 COGSWELL ST.**

**ROCKLEDGE, FL 32955**

Memo: Related party is ADVANCED COLLECTION BUREAU, INC.

The Commonwealth of Kentucky to Defendant:
**ADVANCED COLLECTION BUREAU, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____

Served By

_____

Title

Summons ID: @00000373557
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1



Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



NOT ORIGINAL DOCUMENT 08/23/2023 10:58:41 AM 90450-60

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **23-CI-01230**
Court: **CIRCUIT**
County: **HARDIN**

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO: **CT CORPORATION SYSTEM**
**306 W. MAIN ST.**
**STE. 512**
**FRANKFORT, KY 40601**

Memo: Related party is SANTANDER CONSUMER USA, INC.

The Commonwealth of Kentucky to Defendant:
**SANTANDER CONSUMER USA, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Loretta Crady
Hardin Circuit Clerk
Date: **8/21/2023**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20____

______________________
Served By

______________________
Title

Summons ID: @00000373558
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL

eFiled

CI : 000001 of 000001

| AOC-E-105        Sum Code: CI | Case #: | **23-CI-01230** ~~ORIGINAL~~ |
|---|---|---|
| Rev. 9-14 | Court: | **CIRCUIT** |
| Commonwealth of Kentucky | County: | **HARDIN** 08/23/2023 10:59:30 |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | | 90450-60 |

### CIVIL SUMMONS

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL,** *Defendant*

TO:  **VINELAND CARRIAGE HOMES**

**100 SPARKLING COURT**

**VINE GROVE, KY 40175**

Memo: Related party is VINELAND CARRIAGE HOMES

The Commonwealth of Kentucky to Defendant:
**VINELAND CARRIAGE HOMES**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____          _____

Served By

_____

Title

*CI : 000001 of 000001*

Summons ID: @00000373559
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1

**eFiled**



AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice   *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **23-CI-01230** ~~ORIGINAL~~

Court: **CIRCUIT**

County: **HARDIN** 08/23/2023 10:59:05

90450-60

---

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:   **CSC-LAWYERS INC. SERVICE CO.**

     **7 ST. PAUL ST.**

     **STE. 820**

     **BALTIMORE, MD 21202**

Memo: Related party is HUNTER WARFIELD, INC.

The Commonwealth of Kentucky to Defendant:
**HUNTER WARFIELD, INC.**

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____

                                                          Served By

                                                   _____

                                                         Title

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

*CI : 000001 of 000001*



Page 1 of 1





| AOC-E-105     Sum Code: CI | | Case #: **23-CI-01230** ~~ORIGINAL~~ |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **HARDIN** 08/23/2023 10:59:58 |
| Court of Justice     *Courts.ky.gov* | **CIVIL SUMMONS** | |
| CR 4.02; Cr Official Form 1 | | 90450-60 |

*Plantiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **CSC-LAWYERS INC. SERVICE CO.**

   **421 W. MAIN ST.**

   **FRANKFORT, KY 40601**

Memo: Related party is EQUIFAX INFORMATION SERVICES, LLC

The Commonwealth of Kentucky to Defendant:
**EQUIFAX INFORMATION SERVICES, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____          _____

                                                           Served By

                                                   _____

                                                           Title

Summons ID: @00000373561
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1

*eFiled*

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **23-CI-01230** ORIGINAL
Court: **CIRCUIT**
County: **HARDIN** 08/23/2023 11:00:13

90450-60

---

*Plaintiff,* **GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**, *Defendant*

TO:  **THE PRENTICE HALL CORP. SYSTEM**
      **421 W. MAIN ST.**
      **FRANKFORT, KY 40601**

Memo: Related party is TRANS UNION, LLC

The Commonwealth of Kentucky to Defendant:
**TRANS UNION, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*

Hardin Circuit Clerk
Date: **8/21/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
                                                      Served By

_____
                                                      Title

Summons ID: @00000373562
CIRCUIT: 23-CI-01230 Return to Filer for Service
GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL



Page 1 of 1



Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



**GARRETT, SARRAN N. VS. REPUBLIC FINANCE, LLC ET AL**

**HARDIN CIRCUIT COURT**

Filed on **08/21/2023** as **TORT – OTHER** with **HON. LARRY ASHLOCK**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

**23-CI-01230**

| Case Memo | 23-CI-01230 |
|---|---|

*TORT OTHER*

| Parties | 23-CI-01230 |
|---|---|

**ADVANCED COLLECTION BUREAU, INC.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

1535 COGSWELL ST.
ROCKLEDGE FL 32955

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**EQUIFAX INFORMATION SERVICES, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

1550 PEACHTREE ST. N.W.
ATLANTA GA 30309

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**GARRETT, SARRAN N.** as **PLAINTIFF / PETITIONER**

**Address**

135 PRINCIPAL COURT
APT. 38
RADCLIFF KY 40160

**HUNTER WARFIELD, INC.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

C/O RAY SHERBILL
7600 WISCONSIN AVE., #700
BETHESDA MD 20814

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**REPUBLIC FINANCE, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

1925 BLANKENBAKER PARKWAY
LOUISVILLE KY 40243

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**SANTANDER CONSUMER USA, INC.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

1601 ELM ST.
STE. 800
DALLAS TX 75201

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**TRANS UNION, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

555 W. ADAMS ST.
CHICAGO IL 60661

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**VINELAND CARRIAGE HOMES** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

100 SPARKLING COURT
VINE GROVE KY 40175

**Summons**

**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**
**CIVIL SUMMONS** issued on **08/21/2023** by way of **RETURNED TO ATTORNEY/PETITIONER**

**HEMMINGER, DAVID WILLIAM** as **ATTORNEY FOR PLAINTIFF**

**Address**

HEMMINGER LAW OFFICE, PSC
331 TOWNEPARK CIRCLE, STE. 100-C
LOUISVILLE KY 40243

**ADVANCED COLLECTION BUREAU, INC.** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is ADVANCED COLLECTION BUREAU, INC.

**Address**

1535 COGSWELL ST.
ROCKLEDGE FL 32955

**CSC-LAWYERS INC. SERVICE CO.** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is HUNTER WARFIELD, INC.

**Address**

7 ST. PAUL ST.
STE. 820
BALTIMORE MD 21202

**CSC-LAWYERS INC. SERVICE CO.** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is EQUIFAX INFORMATION SERVICES, LLC

**Address**

421 W. MAIN ST.
FRANKFORT KY 40601

**CT CORPORATION SYSTEM** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is SANTANDER CONSUMER USA, INC.

**Address**

306 W. MAIN ST.
STE. 512
FRANKFORT KY 40601

**CT CORPORATION SYSTEM** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is REPUBLIC FINANCE, LLC

**Address**

306 W. MAIN ST.
STE. 512
FRANKFORT KY 40601

**THE PRENTICE HALL CORP. SYSTEM** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is TRANS UNION, LLC

**Address**

421 W. MAIN ST.
FRANKFORT KY 40601

**VINELAND CARRIAGE HOMES** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is VINELAND CARRIAGE HOMES

**Address**

100 SPARKLING COURT
VINE GROVE KY 40175

| Documents | 23-CI-01230 |
| --- | --- |

**COMPLAINT / PETITION** filed on **08/21/2023**

**EXHIBIT** filed on **08/21/2023**

| Images | 23-CI-01230 |
| --- | --- |

**COMPLAINT / PETITION** filed on **08/21/2023**   *Page(s): 17*

**EXHIBIT** filed on **08/21/2023**   *Page(s): 12*

**SUMMONS** filed on **08/21/2023**   *Page(s): 1*

| | |
|---|---|
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **SUMMONS** filed on **08/21/2023**   *Page(s): 1* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **08/21/2023**   *Page(s): 1* | |

**\*\*\*\* End of Case Number : 23-CI-01230 \*\*\*\***